# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ANTHONY BERRY,   1:16-cv-03489-NLH

    Petitioner,   **OPINION**

v.

THE UNITED STATES OF AMERICA,

    Respondent.

**APPEARANCES**:

ANTHONY BERRY
63766-066
SCHUYLKILL FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 759
MINERSVILLE, PA 17954

    *Petitioner appearing pro se*

SARA ALIYA ALIABADI
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
970 BROAD STREET
NEWARK, NJ 07102

    *On behalf of Respondent*

**HILLMAN, District Judge**

This matter comes before the Court on Petitioner Anthony Berry's second motion to vacate, set aside, or correct his criminal sentence pursuant to 28 U.S.C. § 2255. On January 28, 2010, Petitioner pleaded guilty to a two-count information. Count One charged conspiracy to commit robbery under the Hobbs Act, 18 U.S.C. § 1551(b)(3). Count Two charged use of a firearm

in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (See 10-cr-51.)

On October 5, 2010, the Honorable Joseph E. Irenas, U.S.D.J. sentenced Petitioner to a term of imprisonment of 100 months on Count One, 50 months of which were to be served concurrently with Petitioner's previously imposed sentence in the Eastern District of Pennsylvania, and 50 months to be served consecutively with the Pennsylvania sentence. Judge Irenas also imposed a consecutive term of imprisonment of 125 months on Count Two. Supervised release was imposed for three years on Count One and five years on Count Two, to be served concurrently. Petitioner was subject to a mandatory consecutive 7-year term of imprisonment for Count Two pursuant to 18 U.S.C. § 924(c)(1)(A)(ii).

On June 27, 2012, Petitioner filed his first motion to vacate his sentence pursuant to § 2255. (See 1:12-cv-03928-JEI.) Petitioner argued that Congress did not have the constitutional authority to criminalize the statutes under which he pled guilty. Judge Irenas dismissed the petition because it did not comply with § 2255's one-year statute of limitations, § 2255(f). Petitioner had filed his § 2255 motion 20 months after the judgment of conviction became final. (See 1:12-cv-03928-JEI, Docket No. 2.)

Petitioner filed a motion for writ of error, which Judge

2

Irenas construed as a motion for reconsideration. Petitioner argued that Judge Irenas improperly dismissed his § 2255 motion because Judge Irenas failed to provide him with a Miller notice. Under U.S. v. Miller, 197 F.3d 644, 652 (3d Cir. 1999), a district court, "upon receipt of pro se pleadings challenging an inmate's conviction or incarceration - whether styled as a § 2255 motion or not - a district court should issue a notice to the petitioner regarding the effect of his pleadings," which includes, among other things, notifying a petitioner that he may "withdraw the petition and file one all-inclusive § 2255 petition within the statutory period." Judge Irenas denied Petitioner's motion for reconsideration, citing to U.S. v. Chew, 284 F.3d 468, 471 (3d Cir. 2002), and explaining that a Miller notice was not required because such notice only applies where the original motion was filed within the one-year time period, and Petitioner's was not. (See 1:12-cv-03928-JEI, Docket No. 4.)

On June 16, 2016, Petitioner filed the instant, second motion to vacate his sentence under § 2255.[1] Petitioner contends that his conviction and term of imprisonment must be vacated

---

[1] Even though a petitioner's § 2255 motion is to be assigned to the sentencing court, § 2255(a), Judge Irenas passed away in October 2015. Petitioner's motion was then assigned to Judge Simandle, who passed away in July 2019. In August 2019, the matter was transferred to the undersigned for disposition.

3

because a Hobbs Act conspiracy under 18 U.S.C. § 1551(b)(3) is not a "crime of violence" under 18 U.S.C. § 924(c).

Section 924(c)(1) authorizes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." The term "crime of violence" is defined in two subparts - the first is referred to as the elements clause, and the second is referred to as the residual clause. A "crime of violence" is "an offense that is a felony" and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).[2]

In United States v. Davis, 139 S. Ct. 2319 (U.S. 2019), the Supreme Court found the residual clause, § 924(c)(3)(B), to be unconstitutionally void for vagueness. This decision was in accord with a series of cases involving similarly worded

---

[2] "Violators of § 924(c) face a mandatory minimum sentence of five years in prison, over and above any sentence they receive for the underlying crime of violence or drug trafficking crime. The minimum sentence rises to 7 years if the defendant brandishes the firearm and 10 years if he discharges it." United States v. Davis, 139 S. Ct. 2319, 2324 (U.S. 2019).

residual clauses in other criminal statutes.  See Johnson v. United States, 135 S. Ct. 2551 (U.S. 2015) (declaring a portion of ACCA, § 924(e)(2)(B) - "or otherwise involves conduct that presents a serious potential risk of physical injury to another" - unconstitutionally vague and effectively void);[3] Sessions v. Dimaya, 138 S. Ct. 1204 (U.S. 2018) (considering the residual clause of 18 U.S.C. § 16, which defines a "crime of violence" for purposes of many federal statutes, and finding § 16's residual clause unconstitutionally vague).

Thus, under Davis, if a Hobbs Act conspiracy, 18 U.S.C. § 1551(b)(3), is a "crime of violence" under the residual clause of § 924(c)(3)(B), and not under the elements clause of §

---

[3] In Welch v. United States, 136 S. Ct. 1257 (U.S. 2016), the Supreme Court found that Johnson announced a substantive rule that applied retroactively on collateral review. Petitioner's § 2255 motion, which was filed in June 2016, is based on an extension of the Supreme Court's reasoning in Johnson regarding the residual clause in ACCA to the residual clause in 18 U.S.C. § 924(c)(1).  The Supreme Court's decision in Davis in 2019, which involved consideration of a Hobbs Act conspiracy under the residual clause, now squarely applies to Petitioner's motion. Even though the Supreme Court has not expressly stated that Davis applies retroactively, the Third Circuit has directed that petitions that implicate Davis meet the pre-filing gatekeeping requirements that (1) petitioner's claim rely on a new rule of constitutional law, (2) made retroactive to cases on collateral review by the Supreme Court, (3) that was previously unavailable.  In re Matthews, 934 F.3d 296, 301, 301 n.3 (3d Cir. 2019) (citing 28 U.S.C. § 2244(b)(2)(A) for the gatekeeping requirements for a second or successive § 2255 petition, and noting that it was authorizing over 200 pending, pre-Davis applications to proceed with a second or successive § 2255 after the Supreme Court issued its decision in Davis).

5

924(c)(3)(A), it is no longer a valid predicate to a conviction under 18 U.S.C. § 924(c)(1)(A)(ii), to which Petitioner pleaded guilty and was sentenced accordingly.

This Court cannot consider the merits of Petitioner's § 2255 motion, however, because Petitioner has not complied with the procedural requirements of § 2255.[4] Under the Antiterrorism

---

[4] The Government argues that even if a Hobbs Act conspiracy is no longer a valid predicate for § 924(c)(1)(A)(ii) under Davis, and even though Petitioner was only charged with a Hobbs Act conspiracy and not a Hobbs Act robbery, which remains a valid predicate under Davis, Petitioner's sentence should not be modified because he could have been charged with Hobbs Act robbery. The Government argues that it is not a requirement that Petitioner be separately charged with or convicted of a Hobbs Act robbery in order for it to serve as a predicate under § 924(c)(1)(A)(ii), so long as Petitioner could have been prosecuted for a Hobbs Act robbery. The Government argues that Petitioner's plea colloquy shows that he could have been prosecuted for a Hobbs Act robbery, and therefore, Petitioner's sentence for his guilty plea to Count Two should stand. The Government cites to U.S. v. Lake, 150 F.3d 269, 275 (3d Cir. 1998, which provides, "18 U.S.C. § 924(c)(4) is not a sentencing enhancement provision but sets out an independent criminal offense," and "[i]n a prosecution under this provision, the government must prove that the defendant committed a qualifying predicate offense, but it is not necessary that the defendant be separately charged with or convicted of such an offense." This Court cannot substantively assess the Government's argument at this time because Petitioner has not complied with the procedural requirements of § 2255. The Court notes, however, that the Third Circuit has not applied its reasoning in Lake to a Hobbs Act conspiracy case since the issuance of the Davis decision. Cf. United States v. Woods, 2019 WL 7281930, at *3–4 (E.D. La. Dec. 27, 2019) ("Given that conspiracy to commit Hobbs Act robbery was the crime of violence predicate for Woods's § 924(c) conviction under Count 2, Mr. Woods invokes Davis to challenge his conviction and sentence rendered on Count 2. The government agrees that Woods's § 2255 motion should be granted and that his conviction and sentence under Count 2 should be vacated."). The Court further notes that the Government cites

6

and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), a defendant in federal custody may file a motion collaterally attacking his sentence based on certain specifically listed grounds, namely that the sentence was imposed in violation of the Constitution or federal law, that the court was without jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, or that the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). A defendant is allowed only one such motion as of right. Id. § 2255(b),(h). A second or successive motion must be certified by a court of appeals to rely upon either "newly discovered evidence" showing innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. § 2255(h).

Because this is Petitioner's second motion under § 2255, rather than file it in this Court in the first instance, Petitioner was required to seek certification from the Third Circuit Court of Appeals for leave to file a second § 2255

---

to a case in the District of Hawai'i where a Davis challenge to a Hobbs Act conspiracy predicate under § 924(c)(1)(A)(ii) was rejected because the sentence was still valid for a Hobbs Act robbery. In that case, however, unlike here, the petitioner was charged with a Hobbs Act robbery, even though he did not plead guilty to a Hobbs Act robbery. See Higa v. United States, 413 F. Supp. 3d 1012, 1014 (D. Hawai'i Aug. 30, 2019).

motion. The record does not reflect that Petitioner has done so.

The gatekeeping requirements of § 2255(h), which appear in § 2244(b)(4) and are incorporated into § 2255(h), are jurisdictional. <u>United States v. Peppers</u>, 899 F.3d 211, 221 n.3 (3d Cir. 2018). When "a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."[5] <u>Robinson v. Johnson</u>, 313 F.3d 128, 139 (3d Cir. 2002).

This Court finds that transfer to the Third Circuit pursuant to § 1631 so that Petitioner may seek authorization to file his second petition under § 2255(h)(2) is in the interests of justice in this case. See <u>In re Matthews</u>, 934 F.3d 296, 301, 301 n.3 (3d Cir. 2019) (where the Third Circuit certified over two dozen pending second or successive § 2255s as a result of the Supreme Court's decision in <u>United States v. Davis</u>, 139 S.

---

[5] Under 28 U.S.C. § 1631, "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action or appeal could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred."

Ct. 2319 (2019)); Garcia v. United States, 2019 WL 2234013, at *4 (D.N.J. May 23, 2019) (transferring under § 1631 a petitioner's second § 2255 motion brought pursuant to the Johnson decision to the Third Circuit so that the petitioner could seek leave to file a second § 2255 motion under §2255(h) because it was in the interest of justice); Lewis v. United States, 2019 WL 1795540, at *3 (D.N.J. April 24, 2019) ("If the Supreme Court's Davis disposition is favorable, Petitioner may soon be able to meet the standard under § 2255(h) for bringing a successive petition, and thus the interests of justice warrant transfer of this case [pursuant to § 1631] to the Third Circuit to consider whether such authorization would be granted.").

An appropriate Order will be entered.[6]

Date: March 2, 2020
At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[6] When a petitioner files a § 2255 motion, the Court must determine whether to issue a certificate of appealability ("COA"). A COA is a "jurisdictional prerequisite" to an appeal on the merits, and "the COA statute establishes procedural rules and requires a threshold inquiry into whether the circuit court may entertain an appeal." U.S. v. Doe, 810 F.3d 132, 143 (3d Cir. 2015) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)). Section 2253(c)(2) provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because this Court will transfer the petition to the Third Circuit, no separate COA needs to be issued.