UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ANTHONY BERRY,                      :    1:16-cv-3489-NLH
                                    :
            Petitioner,             :    **OPINION**
                                    :
      v.                            :
                                    :
UNITED STATES OF AMERICA,           :
                                    :
            Respondent.             :
_____:

**APPEARANCES**:

Anthony Berry, 63766-066
FCI Schuylkill
PO Box 759
Minersville, Pennsylvania 17954

    *Petitioner pro se*

Philip R. Sellinger, United States Attorney
Sara A. Aliabadi, Assistant United States Attorney
United States Attorney's Office for the District of New Jersey
401 Market Street, 4th Floor
Camden, New Jersey 08101

    *Attorneys for Respondent*


**HILLMAN**, **District Judge**

    This matter comes before the Court on Petitioner Anthony Berry's second motion to vacate, set aside, or correct his criminal sentence pursuant to 28 U.S.C. § 2255.  ECF No. 24.[1]

---

[1] Petitioner also filed a motion requesting a copy of the United States' response in opposition and extension of time to file a reply. ECF No. 23. That motion is now moot as Petitioner has

The United States opposes the motion.  ECF No. 26.  For the reasons stated below, the Court will deny the § 2255 motion.  No certificate of appealability shall issue.

I.  BACKGROUND

On February 5, 2009, Petitioner was charged by criminal complaint with three charges stemming from his role in the April 2008 armed robbery of a Sports Authority distribution facility in Burlington Township, New Jersey.  United States v. Berry, No. 10-cr-051 (D.N.J. Feb. 5, 2009) ("Crim. Case"), ECF No. 1.  On January 28, 2010, Petitioner pled guilty to a two-count Information charging one count of conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a); and one count of use of a firearm during and in relation to a crime of violence, 18 U.S.C. §§ 942(c)(1)(A)(ii), (c)(1)(C)(i), and § 2.  Crim. Case, ECF Nos. 11 & 14.  In exchange for the guilty plea, the Government agreed to forego charging Petitioner with any additional crimes associated with "conspiracy to rob, and subsequent armed robbery of the Sports Authority Distribution Facility in Burlington Township, New Jersey, on or about April 5, 2008[.]"  Crim. Case, ECF No. 14 at 1.

The plea agreement explained that the offenses to which Petitioner would plead guilty carried statutory maximum

---

since received a copy of the opposition papers and filed his reply.  ECF No. 27.

sentences of twenty years and life, respectively. Id. at 2. Petitioner acknowledged that the length of his actual sentence was an issue to be decided by the Court:

> The sentence to be imposed upon Anthony Berry is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Anthony Berry ultimately will receive.

Id. at 2. Schedule A, an addendum to the plea agreement, specified that:

> This Office and Anthony Berry agree to stipulate to the following facts:
>
> a. Anthony Berry agreed with B.J. and T.D. to rob the Sports Authority Distribution Facility in Burlington Township, NJ.
>
> b. B.J. stole a Salson Logistics tractor-truck for use in taking trailers full of Sports Authority merchandise.
>
> c. Anthony Berry, B.J. and T.D. traveled from Philadelphia, PA to the Sports Authority Distribution Facility in Burlington Township, NJ, on April 5, 2008, with the intent to steal Sports Authority merchandise.
>
> d. At the Sports Authority Distribution Facility, Anthony Berry approached the guard shack and, at gunpoint and in the presence of T.D., ordered the guard to proceed to an empty trailer where the security guard was bound and ordered to lay face down inside the empty trailer.

3

    e. T.D. stood watch over the security guard in the empty trailer while Anthony Berry assumed the role of the security guard in the guard shack at the Sports Authority Distribution Facility.

    f. Between approximately 5:45 pm and 9:30 pm, B.J., using the stolen Salson Logistics tractor-truck, removed from the Sports Authority Distribution Facility three Salson Logistics trailers which were fully loaded with Sports Authority merchandise.

    g. T.D. and A.B. stole the security guard's car which was on the grounds of the Sports Authority Distribution Facility and followed the final tractor trailer, driven by B.J., from the Sports Authority Distribution Facility and fled the area.

    h. Thereafter, Anthony Berry, B.J. and T.D. traveled from Burlington County, NJ to Philadelphia, PA and met at a location with the intent to sell the stolen Sports Authority merchandise.

    i. The offense involved losses totaling approximately $231,726 which represents the cost of the stolen Sports Authority merchandise.

Id. at 6. Schedule A further stated that "[i]f the sentencing court accepts a factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, or motion claiming that the sentencing court erred in doing so." Id. at 6-7.

    Petitioner acknowledged in writing that he received the plea agreement from his counsel and that he read it and understood it "fully". Id. at 5. Petitioner acknowledged that he "accept[s] the terms and conditions set forth in th[e] letter and acknowledge[s] that it constitutes the plea agreement between the parties." Id. Petitioner again recognized the

4

stipulations from the plea agreement in his "Application for Permission to Enter Plea of Guilty":

> The plea agreement contains stipulations regarding certain facts. I understand that if the sentencing court accepts a factual stipulation set forth in the plea agreement, both I and the government have waived the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

Crim. Case ECF No. 15 at 5.

Petitioner appeared before the late Judge Joseph E. Irenas, U.S.D.J., on January 28, 2010 to enter his plea. Crim. Case ECF No. 13. Petitioner entered a plea of guilty to the two-count Information under oath, and the terms of the plea agreement were read into the record. See id. The Court ordered the plea agreement approved and the plea accepted. See id. On October 5, 2010, Judge Irenas sentenced Petitioner to a 100-month term of imprisonment on Count One, with 50 months to be served concurrently with a previously imposed sentence in the Eastern District of Pennsylvania and 50 months to be served consecutively to the Pennsylvania sentence. Crim. Case ECF No. 17 at 2. Judge Irenas also imposed a 125-month term of imprisonment on Count Two, to be served consecutively to both Count One and the sentence from the Eastern District. Id. Petitioner received supervised release terms of 3 years on Count One and 5 years on Count Two, to be served concurrently. Id. at 3. Petitioner did not file a direct appeal.

5

On June 27, 2012, Petitioner filed his first motion to vacate his sentence pursuant to § 2255, arguing that Congress did not have the constitutional authority to criminalize the statutes under which he pled guilty. Berry v. United States, No. 12-cv-03928 (D.N.J.). Judge Irenas dismissed the petition because it did not comply with § 2255's one-year statute of limitations. Id. (July 13, 2012) (ECF No. 4). Petitioner did not seek a certificate of appealability from the Third Circuit.

Petitioner filed the current motion on June 16, 2016, arguing that his conviction and term of imprisonment must be vacated because Hobbs Act conspiracy is not a "crime of violence" under 18 U.S.C. § 924(c) after intervening Supreme Court decisions. ECF No. 1.[2] After receiving briefing from the parties, the Court transferred the petition to the Third Circuit pursuant to 28 U.S.C. § 1631 so that Petitioner might seek authorization to file his second petition under § 2255(h)(2). ECF No. 22. On April 28, 2020, the Third Circuit granted Petitioner's application and transferred the petition back to this Court. ECF No. 24.

The United States filed an updated answer, ECF No. 26, and Petitioner submitted a response, ECF No. 27.

---

[2] Judge Irenas passed away in October 2015. Petitioner's motion was then assigned to Judge Simandle, who passed away in July 2019. The matter was transferred to the undersigned for disposition in August 2019.

II.  STANDARD OF REVIEW

Section 2255 provides, in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

III. ANALYSIS

A.  Jurisdiction

The Third Circuit granted Petitioner's request to file a second or successive § 2255 motion, ECF No. 24, but the Court must independently assess whether Petitioner's claims meet the requirements of § 2244.  See 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.").  Petitioner must make a prima facie showing that his second or successive § 2255 motion relies on a new rule of constitutional law made retroactive to cases on collateral review.  28 U.S.C. § 2244(b)(3)(C).  The Third Circuit has characterized this as "a 'light burden.'"  In re Matthews, 934 F.3d 296, 301 (3d Cir. 2019).  The Court concludes that Petitioner has made this prima facie showing.

7

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.  Johnson v. United States, 576 U.S. 591 (2015).³  On June 24, 2019, the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)'s definition of "crime of violence" was also void for vagueness.  United States v. Davis, 139 S. Ct. 2319 (2019).  Petitioner argues that the Court must vacate his § 924(c) conviction because Hobbs Act conspiracy no longer constitutes a "crime of violence" after Johnson and Davis.⁴  Johnson and Davis were previously unavailable to Petitioner and announced a new rule of constitutional law made retroactive to cases on collateral review.  See Welch v. United States, 578 U.S. 120 (2016); Matthews, 934 F.3d at 301 (citing Davis).  Accordingly, the Court will proceed in its review of the motion.⁵

---

³ "The ACCA increases a defendant's prison term if the defendant has three or more earlier convictions for a 'serious drug offense' or a 'violent felony.'  Prior to Johnson, the residual clause included any felony that 'involves conduct that presents a serious potential risk of physical injury to another' in the definition of a 'violent felony.'" Herrera-Genao v. United States, No. 16-3786, 2020 WL 2520281, at *2 n.1 (D.N.J. May 18, 2020) (quoting 18 U.S.C. §§ 924(e)(1), 924(e)(2)(B)(ii)).

⁴ Petitioner stated in his original motion that he pled guilty to substantive Hobbs Act robbery but corrected himself in subsequent pleadings.

⁵ A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28

8

B.   Procedural Default

"Prior to Davis, there were two statutory avenues available for determining an offense to be a crime of violence under § 924(c): either through what is called the 'residual' clause or through the elements clause of the statute." United States v. Walker, 990 F.3d 316, 324 (3d Cir. 2021) (citing 18 U.S.C. § 924(c)(3)).  "The residual clause define[d] a 'crime of violence' as 'an offense that is a felony and – that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.'"  Id. (quoting 18 § 924(c)(3)(B)). Davis voided the residual clause for vagueness but left the elements clause intact.  "[Aa] offense is now a 'crime of violence' within the meaning of the statute only if it meets the definition contained in the elements clause," which "defines a 'crime of violence' as 'an offense that is a felony and – has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'"  Id. (quoting 18 U.S.C. § 924(c)(3)(A)).

---

U.S.C. § 2255(b); see also United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005).  Here, the record conclusively demonstrates that Petitioner is not entitled to relief. Therefore, the Court will not conduct an evidentiary hearing. The Court will deny Petitioner's request for counsel for the same reason.  ECF No. 2.

9

The Government concedes that Hobbs Act conspiracy is not a "crime of violence" after Davis but argues that Petitioner procedurally defaulted on his claim by failing to file a direct appeal. ECF No. 26 at 15. Courts "have strictly limited the circumstances under which a guilty plea may be attacked on collateral review. It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotation marks omitted). "[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Id. (internal quotation marks omitted).

It is undisputed that Petitioner did not file a direct appeal. Accordingly, Petitioner's claim is barred from review absent a showing of cause and prejudice or actual innocence. See United States v. Jenkins, 333 F.3d 151, 155 (3d Cir. 2003). "[C]ause' to excuse a procedural default may exist 'where a constitutional claim is so novel that its legal basis is not reasonably available to counsel.'" Id. (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)). Courts in this circuit "have determined that Section 2255 motions premised on the Supreme Court's decision in Johnson implicated the novelty exception" and noted

10

that "it is at least plausible that the same rationale that supported the novelty exception for Johnson motions would support its application to Davis motions." United States v. Scott, 521 F. Supp. 3d 538, 545 (M.D. Pa.) (citing cases), appeal filed, No. 21-1539 (3d Cir. Mar. 22, 2021).  The Court will assume arguendo that Petitioner has cleared the procedural default hurdle and analyze his claim on the merits.

C.   Merits

Petitioner argues that his § 924(c) conviction must be vacated because he "was never charged with a substantive Hobbs Act robbery" and "pled guilty to a two count Information which specifically charged him with conspiracy to commit Hobbs Act robbery."  ECF No. 27 at 10-11.  "Berry is actually 'innocent' of the § 924(c) conviction . . . Berry cannot be guilty of a law that is unconstitutional because . . . a vague law is no law at all!"  Id. at 11.  The Government counters that "Berry is not actually innocent of his § 924(c) conviction . . . because Berry remains factually guilty of a different crime of violence under the unchallenged elements clause of § 924(c)."  ECF No. 26 at 15 (emphasis in original).

"It is well settled that, '[i]n a prosecution under [§ 924(c)], the Government must prove that the defendant committed a qualifying predicate offense . . . but it is not necessary that the defendant be separately charged with or convicted of

11

such an offense.'" United States v. Collazo, 856 F. App'x 380, 383 (3d Cir. 2021) (quoting United States v. Lake, 150 F.3d 269, 274-75 (3d Cir. 1998)) (alterations and omission in original). A conviction under § 924(c) only requires "legally sufficient proof that the predicate crime of violence . . . was committed." Johnson v. United States, 779 F.3d 125, 130 (2d Cir. 2015). In other words, Petitioner's § 924(c) conviction remains valid if there is legally sufficient proof he committed Hobbs Act robbery.[6]

"Hobbs Act robbery is defined, in relevant part, as 'the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property.'" United States v. Monroe, 837 F. App'x 898, 899 (3d Cir.) (quoting 18 U.S.C. § 1951(b)(1)), cert. denied sub nom. Copes v. United States, 142 S. Ct. 247 (2021). "In the context of a § 924(c) guilty plea, our sister circuits have looked to the factual proffer, plea hearing, and other evidence in the record to determine if a qualifying predicate offense was committed." Collazo, 856 F. App'x at 383 (footnotes omitted).

---

[6] "Every court of appeals to consider the issue has held that Hobbs Act robbery is indeed a crime of violence for purposes of § 924(c), and we agree." United States v. Walker, 990 F.3d 316, 325 (3d Cir. 2021) (footnote omitted).

12

The fact-stipulated plea agreement and the subsequent plea colloquy make it clear that Petitioner actively participated in a Hobbs Act robbery. His insistence that his co-conspirator was the only one to physically handle a firearm during the robbery does not offer him relief; Petitioner admitted that he "knowingly and willfully continued to participate" after seeing his co-conspirator use a gun to order the facility security guard out of his guard shack. See Rosemond v. United States, 572 U.S. 65 (2014) (holding that defendant may be found guilty of violating § 924(c) under an "aiding and abetting" theory); United States v. Price, 76 F.3d 526 (3d Cir. 1996) (same). During the plea hearing, Judge Irenas spoke at length with Petitioner to ensure that Petitioner understood that the allegation was he "used" a firearm despite not physically carrying it "because it was used to play a significant role in the robbery itself." Crim. Case No. 26 21:20-22. Trial counsel represented that he had reviewed the case law on vicarious liability with Petitioner, and Petitioner stated "[y]es, I understand exactly what [trial counsel is] saying . . . because it was conspiracy; conspiracy means we knew, we all knew that it was involved. So I accept that." Id. at 22:20-24. Petitioner has put forth no evidence to counter or otherwise taint his endorsement of the agreement and his participation in that proceeding.

13

The Information, plea agreement, and plea colloquy all make clear that Petitioner "committed Hobbs Act robbery and that the robbery was a predicate for his § 924(c) conviction." United States v. Collazo, 856 F. App'x 380, 384 (3d Cir. 2021). Petitioner cannot demonstrate his innocence of Hobbs Act robbery, which is a crime of violence under the elements clause of §924(c)(3)(A).  Accordingly, his conviction remains valid, and the Court will deny his § 2255 motion.

IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court will deny a certificate of appealability because jurists of reason would not find it debatable that Petitioner has not made a substantial showing of the denial of a constitutional right.

V. CONCLUSION

For the foregoing reasons, the motion to correct, vacate, or set aside Petitioner's federal conviction will be denied.  No certificate of appealability shall issue.  An appropriate order will be entered.

Date: March 30, 2022                 s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.